JUDGE SULLIVAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :

            - v. -                :

EUGENIA FIAMMETTA,                :
 a/k/a "Gloria Rodriguez,"
 a/k/a "Jeyennie Fiammatta,"      :

            Defendant.            :

- - - - - - - - - - - - - - - - x



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: AUG 1 9 2008

INDICTMENT

08 Cr.

08 CRIM 787

COUNTS ONE THROUGH TEN

(Wire Fraud)

The Grand Jury charges:

1.     From at least in or about February 22, 2008, up to
and including on or about July 11, 2008, in the Southern District
of New York and elsewhere, EUGENIA FIAMMETTA, a/k/a "Gloria
Rodriguez," a/k/a "Jeyennie Fiammatta," the defendant,
unlawfully, willfully, and knowingly, having devised and
intending to devise a scheme and artifice to defraud, and for
obtaining money and property by means of false and fraudulent
pretenses, representations and promises, did transmit and cause
to be transmitted by means of wire in interstate and foreign
commerce, writings, signs, signals, pictures, and sounds for the
purpose of executing such scheme and artifice, to wit, FIAMMETTA,
having devised a scheme to obtain money by fraud from retail food
stores that participate in the food stamp program, caused the
following interstate wires:

| Count | Approximate Date and Time | Description of the Wire |
|---|---|---|
| 1 | February 22, 2008 at 4:42 p.m. | Authorization for transfer of funds out of the bank account of a retail food store located in Manhattan ("Victim Store-1") sent from Victim Store-1 at the direction of the defendant to the JP Morgan "host" system located outside of New York state. |
| 2 | March 20, 2008 at 1:48 p.m. | Authorization for transfer of funds out of the bank account of a retail food store located in Manhattan ("Victim Store-2") sent from Victim Store-2 at the direction of the defendant to the JP Morgan "host" system located outside of New York state. |
| 3 | March 20, 2008 at 1:51 p.m. | Authorization for transfer of funds out of the bank account of Victim Store-2 at the direction of the defendant to the JP Morgan "host" system located outside of New York state. |
| 4 | March 20, 2008 at 1:54 p.m. | Authorization for transfer of funds out of the bank account of Victim Store-2 at the direction of the defendant to the JP Morgan "host" system located outside of New York state. |
| 5 | March 20, 2008 at 1:59 p.m. | Authorization for transfer of funds out of the bank account of Victim Store-2 at the direction of the defendant to the JP Morgan "host" system located outside of New York state. |

2

| 6 | March 20, 2008 at 4:26 p.m. | Authorization for transfer of funds out of the bank account of Victim Store-2 at the direction of the defendant to the JP Morgan "host" system located outside of New York state. |
| 7 | March 20, 2008 at 4:27 p.m. | Authorization for transfer of funds out of the bank account of Victim Store-2 at the direction of the defendant to the JP Morgan "host" system located outside of New York state. |
| 8 | March 20, 2008 at 4:28 p.m. | Authorization for transfer of funds out of the bank account of Victim Store-2 at the direction of the defendant to the JP Morgan "host" system located outside of New York state. |
| 9 | March 20, 2008 at 4:41 p.m. | Authorization for transfer of funds out of the bank account of Victim Store-2 at the direction of the defendant to the JP Morgan "host" system located outside of New York state. |
| 10 | July 11, 2008 at 8:15 a.m. | Authorization for transfer of funds out of the account of an individual food stamp program participant ("Individual-1") sent from a retail food store located in the Bronx at the direction of the defendant to the JP Morgan "host" system located outside of New York state. |

(Title 18, United States Code, Sections 1343 and 2.)

COUNT ELEVEN

(Access Device Fraud)

The Grand Jury further charges:

2.    From in or about June 2005, up to and including in or about July 2008, in the Southern District of New York and elsewhere, EUGENIA FIAMMETTA, a/k/a "Gloria Rodriguez," a/k/a "Jeyennie Fiammatta," the defendant, unlawfully, willfully, and knowingly, and with intent to defraud, as part of an offense affecting interstate commerce, did effect and attempt to effect transactions, with one and more access devices issued to another person and persons, to receive payment and any other thing of value during a one-year period, the aggregate value of which was equal to or greater than $1,000, to wit, FIAMMETTA used food stamp accounts in the names of other persons without authorization to purchase merchandise worth greater than $1,000.

(Title 18, United States Code, Sections 1029(a)(5) and 2.)

COUNT TWELVE

(Conversion of Public Money, Property or Records)

The Grand Jury further charges:

3.    From in or about June 2007, up to and including in or about July 2008, in the Southern District of New York and elsewhere, EUGENIA FIAMMETTA, a/k/a "Gloria Rodriguez," a/k/a "Jeyennie Fiammatta," the defendant, unlawfully, willingly, and knowingly did embezzle, steal, purloin, and convert to her use

4

and the use of another, and without authority, did sell, convey, and dispose of any record, voucher, money, and thing of value of the United States and of a department and agency thereof, to wit, the United States Department of Agriculture, to wit, FIAMMETTA converted to her own use more than $1,000 of food stamp benefits belonging to others.

(Title 18, United States Code, Sections 641 and 2.)

<u>COUNT THIRTEEN</u>

(Food Stamp Fraud)

The Grand Jury further charges:

4.    From in or about June 2005, up to and including in or about July 2008, in the Southern District of New York and elsewhere, EUGENIA FIAMMETTA, a/k/a "Gloria Rodriguez," a/k/a "Jeyennie Fiammatta," the defendant, unlawfully, willingly, and knowingly did use, transfer, acquire, alter, and possess coupons, authorization cards, and access devices of a value of $5,000 and more in any manner contrary to Title 7, United States Code, Section 2000, *et seq.*, and the regulations issued pursuant to this chapter, Title 7, Code of Federal Regulations, Section 271, *et seq.*, to wit, FIAMMETTA used the food stamp accounts of others to obtain over $5,000 from retail food stores.

(Title 7, United States Code, Section 2024(b)(1);
Title 7, Code of Federal Regulations, Section 271.5.)

COUNT FOURTEEN

(Aggravated Identity Theft)

The Grand Jury further charges:

5.    From in or about June 2005, up to and including in
or about July 2008, in the Southern District of New York and
elsewhere, EUGENIA FIAMMETTA, a/k/a "Gloria Rodriguez," a/k/a
"Jeyennie Fiammatta," the defendant, unlawfully, willingly, and
knowingly did transfer, possess, and use, without lawful
authority, a means of identification of another person, during
and in relation to a felony violation enumerated in Title 18,
United States Code, Section 1028A(c), to wit, FIAMMETTA
possessed, used, and transferred the names and other personal
identification information of another person to commit wire fraud
and access device fraud, as charged in Counts One through Eleven
of this Indictment.

(Title 18, United States Code, Sections 1028A and 2.)

FORFEITURE ALLEGATIONS

(As to Counts One through Ten and Twelve)

6.    As the result of committing one or more of the
wire fraud and conversion of public money offenses in violation
of 18 U.S.C. §§ 641 and 1343, alleged in Counts One through Ten
and Twelve of this Indictment, EUGENIA FIAMMETTA, a/k/a "Gloria
Rodriguez," a/k/a "Jeyennie Fiammatta," the defendant, shall
forfeit to the United States, pursuant to 18 U.S.C.

6

§ 981(a)(1)(C) and 28 U.S.C § 2461, all property, real and personal, that constitutes or is derived, directly and indirectly, from gross proceeds traceable to the commission of the offenses.

### Substitute Asset Provision

7.    If any of the above-described forfeitable property, as a result of any act or omission of EUGENIA FIAMMETTA, a/k/a "Gloria Rodriguez," a/k/a "Jeyennie Fiammatta," the defendant:

(1)    cannot be located upon the exercise of due diligence;

(2)    has been transferred or sold to, or deposited with, a third person;

(3)    has been placed beyond the jurisdiction of the Court;

(4)    has been substantially diminished in value; or

(5)    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981(a)(1)(C),
Title 21, United States Code, Section 853(p); Title 28, United
States Code, Section 2461.)

## FORFEITURE ALLEGATIONS

(As to Counts Eleven and Fourteen)

8.   As a result of committing one or more of the access device and aggravated identity theft offenses alleged in Counts Eleven and Fourteen of this Indictment, EUGENIA FIAMMETTA, a/k/a "Gloria Rodriguez," a/k/a "Jeyennie Fiammatta," the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(B), any property constituting or derived from proceeds obtained directly or indirectly as a result of the offenses.

## Substitute Asset Provision

9.   If any of the above-described forfeitable property, as a result of any act or omission of EUGENIA FIAMMETTA, a/k/a "Gloria Rodriguez," a/k/a "Jeyennie Fiammatta," the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

8

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendant(s) up to the value of the above forfeitable property.

(Title 18, United States Code, Section 982 and Title 18, United States Code, Sections 1028 and 1029.)

## FORFEITURE ALLEGATIONS

(As to Count Thirteen)

10.  As a result of committing the food stamp fraud offense alleged in Count Thirteen of the Indictment, in violation of Title 7, United States Code, Section 2024(b)(1), EUGENIA FIAMMETTA, a/k/a "Gloria Rodriguez," a/k/a "Jeyennie Fiammatta," the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense, and all property traceable to such property, and pursuant to 7 U.S.C. § 2024(h), all property, real and personal, used in a transaction or attempted transaction, to commit, or to facilitate the commission of the food stamp fraud violation, and all proceeds traceable to such violation.

9

### Substitute Asset Provision

11.    If any of the above-described forfeitable property, as a result of any act or omission of EUGENIA FIAMMETTA, a/k/a "Gloria Rodriguez," a/k/a "Jeyennie Fiammatta," the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981; Title 21, United States Code, Section 853(p); Title 7, United States Code, Section 2024; and Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
MICHAEL J. GARCIA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

### UNITED STATES OF AMERICA

- v. -

**EUGENIA FIAMMETTA,**
a/k/a "Gloria Rodriguez,"
a/k/a "Jeyennie Fiammatta,"

Defendant.

### INDICTMENT

08 Cr.

(18 U.S.C. §§ 1343, 2, 1028A & 1029, and
7 U.S.C. §§ 2024(b)(1) &
7 C.F.R. § 271.5)

MICHAEL J. GARCIA
United States Attorney.

**A TRUE BILL**

Foreperson.